**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **DR. VARONDI BROWN,**<br>*Plaintiff,*<br>**v.**<br>**MACON HOTEL DE, LLC,**<br>*Defendant.* | **CIVIL ACTION NO.**<br>**5:26-cv-00372-TES** |

**ORDER CONVERTING DEFENDANT'S MOTION TO DISMISS TO MOTION FOR SUMMARY JUDGMENT**

In its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Macon Hotel DE, LLC asks the Court to "dismiss Plaintiff's Complaint for failure to exercise reasonable diligence in perfecting service of this renewal action," where the delayed service cannot relate back, therefore barring Plaintiff Dr. Varondi Brown's claims under the applicable statute of limitation. [Doc. 4, p. 1].

For the Court to rule on the issues presented in this motion, it will be necessary to determine facts outside the scope of the complaint or judicially noticeable documents, including court records.[1] Neither the complaint itself nor any judicially

[1] When ruling on a 12(b)(6) motion, district courts must accept the facts set forth in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss only if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). Under the Federal Rules, a statute of limitations defense may be resolved on a 12(b)(6) motion to dismiss—

noticeable materials give the full set of facts necessary to determine whether Plaintiff was sufficiently diligent in perfecting service, because none of these materials fully discuss the measures Plaintiff did or did not take to perfect service. Therefore, Defendant's motion to dismiss will be treated as one for summary judgment under Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56." (emphasis added)).

"When a district court converts a motion to dismiss into a motion for summary judgment, it must comply with the requirements of Rule 56 by notifying the parties of the conversion and providing *at least* 10 days for the parties to supplement the record accordingly." *German v. Nationstar Mortg., LLC*, No. CV 2:20-033, 2020 WL 4905066, at *1 (S.D. Ga. Aug. 20, 2020) (citing *Trustmark Ins. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002)); *see also* Fed. R. Civ. P. 12(d).

Accordingly, Defendant shall have 14 days from the date of this Order to file any supplemental evidence as listed in Rule 56(c) along with a short brief in support of its positions on the issues raised in its dismissal motion. Plaintiff shall have 14 days from

---

rather than on a motion for summary judgment—*only* when a bar under the statute of limitations appears on the face of the complaint and judicially noticeable materials, including public court records. *See AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982); *Johnson v. City of Atlanta*, 107 F.4th 1292, 1298 (11th Cir. 2024).

the supplemental filings to respond. Plaintiff's failure to respond could result in the dismissal of her claims against Defendant.

The Court notes that both parties have already provided the Court with materials outside the pleadings, some of which are public court records that may be considered without converting the motion to one for summary judgment. However, because the circumstances surrounding service are not central to the negligence claim at issue in this case, other materials—like affidavits—arguably fall outside this category and cannot be considered without conversion. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (stating that, while a court may sometimes consider documents attached to a motion to dismiss without converting the motion into one for summary judgment, it may only do so "if the attached document is (1) central to the plaintiff's claim and (2) undisputed [in its authenticity]."); *see also Scott v. Ride Aid of Ga., Inc.*, No. 7:11–CV–180 (HL), 2012 WL 1409326, at *1 (M.D. Ga. Apr. 23, 2012).

Thus, the Court—in its discretion—**CONVERTS** Defendant's motion to dismiss [Doc. 4] into one for summary judgment. *German*, 2020 WL 4905066, at *1. The parties need not submit any information already provided to the Court, nor are the parties *required* to submit any information in response to this Order.

**SO ORDERED**, this 27th day of October, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**